

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER THOMAS, ) | |
| ) | |
| Petitioner, ) | 04 C 1032 |
| ) | |
| v. ) | Honorable Charles R. Norgle |
| ) | |
| STEVE WRIGHT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Sylvester Thomas' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. Petitioner, Sylvester Thomas ("Thomas"), challenges his conviction for the crime of possession of a stolen motor vehicle. For the following reasons, the Petition is denied.

## I. BACKGROUND

### A. Facts

On February 29, 2000, at about 12:45 a.m., Chicago Police Officer Parker ("Parker") noticed a blue car proceeding southbound in the northbound lanes of Independence Avenue. Parker attempted to pull the car over to the curb, but the driver (Thomas) turned and drove over a grass median onto the sidewalk. After traveling on the sidewalk for a short period of time, Thomas eventually stopped the car on the sidewalk, got out of the vehicle, turned to look at Parker and another Chicago Police Officer, then fled on foot. After a short chase, Parker found Thomas hiding under a porch. A custodial search of Thomas revealed that he had two screwdrivers in his possession. Thomas was read his Miranda rights and placed in custody.

1

Upon returning to the blue car, Officer Parker discovered that the steering column had been stripped of its plastic covering, or "peeled," in order to expose the car's ignition device. At the police station, Thomas admitted that this was not the first time he had stolen a car, or been in a chase with the police.

**B. Procedural History**

Thomas was charged with possession of a stolen motor vehicle under Illinois law. Prior to the commencement of a bench trial in the Circuit Court of Cook County, Thomas' attorney filed a motion to suppress the arrest (this motion did not address whether Thomas had adequately been advised of his Miranda warnings prior to making his post-arrest statements). The court took the matter under advisement and proceeded to trial. The parties first stipulated that Johnnie Matthews, if he were called to testify, would have indicated that he was the owner of the automobile in question, that he did not know Thomas, and that he had not given Thomas permission to possess or drive his car. The parties further stipulated that Thomas had twice been previously convicted of possession of a stolen vehicle. Parker then testified as to the above noted events. Thomas testified on his own behalf, and asserted that he was walking down the street minding his own business when two Chicago Police Officers pushed him onto a car, struck him on the head, and arrested him. The court denied Thomas' motion to suppress, and found him guilty of possession of a stolen motor vehicle. In light of Thomas' previous criminal history, the court sentenced Thomas to a term of fifteen years imprisonment.

Thomas appealed to the Illinois Appellate Court, arguing, *inter alia*, that his post-arrest statement was taken in violation of his Miranda rights, and that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). In an unpublished opinion dated September 28, 2001, the

Appellate Court affirmed, determining, *inter alia*, that since Thomas had not presented the issue of whether his post-arrest statement was taken without the benefit of Miranda warnings in his motion to suppress at trial, the issue was waived, and that Thomas' sentence did not violate Apprendi. The Illinois Supreme Court rejected Thomas' petition to appeal on December 5, 2001. On November 26, 2001, Thomas filed a Petition for Post-Conviction Relief in the Circuit Court of Cook County. On January 28, 2002, the Circuit Court denied Thomas' petition, categorizing Thomas' claims as "frivolous and patently without merit." The Illinois Appellate Court affirmed on May 28, 2003, and the Illinois Supreme Court denied leave to appeal on October 7, 2003.[1]

Thomas filed his Petition for Writ of Habeas Corpus on February 10, 2004. The Petition is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Thomas' Petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. The statute states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] Thomas also filed a second state post-conviction petition, which the trial court summarily denied. Thomas did not present this successive petition for appellate review.

3

28 U.S.C. § 2254(d). A state court's decision is *contrary to* clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." Owens v. Frank, 394 F.3d 490, 496 (7th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). A state court's decision is an *unreasonable application* of clearly established Supreme Court law if the state court "identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407; see also Owens, 394 F.3d at 496. In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002); see also Schultz v. Page, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case").

Before reviewing the Illinois courts' decisions, however, the court must determine whether Thomas fairly presented his federal claims to the state courts. Section 2254 requires a habeas petitioner to exhaust the remedies available in state court prior to pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). Any claim not presented to the state's highest court is deemed procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (indicating that "a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process").

4

In addition to exhausting the remedies available in state court, a habeas petitioner is procedurally barred from raising claims in a federal habeas court that he did not raise in the state court proceedings. See O'Sullivan, 526 U.S. at 848 (holding that a petitioner's failure to present three claims to the Illinois Supreme Court for discretionary review resulted in a procedural default of those claims). Fair presentment of a constitutional claim requires a habeas petitioner to present both the operative facts and the controlling legal principles to the state court before bringing the claims to a federal habeas court. Cf. Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999) (discussing exhaustion of claim) (citing Picard v. Connor, 404 U.S. 270, 277 (1971)). Thus, a habeas petitioner procedurally defaults, or waives, any claim raised for the first time in federal court.

Also, federal habeas courts cannot review claims that the state court has disposed of on state law grounds. See Stewart v. Smith, 536 U.S. 846, 860 (2002); see also Lambrix v. Singletary, 520 U.S. 518, 523-24 (1997) (noting that where "the state law determination is sufficient to sustain the decree, any opinion . . . on the federal question would be purely advisory.") (citing Herb v. Pitcairn, 324 U.S. 117, 125-26 (1945)). Put another way, federal habeas relief is not available if the state court decision rests on state law that "is independent of the federal question and adequate to support the judgment." See Coleman v. Thompson, 501 U.S. 722, 729 (1991). For example, waiver under state law is an independent and adequate state law ground for dismissal that can preclude federal habeas relief. Thus, when a state court determines that a habeas petitioner waives a claim in state court, that waiver is an independent and adequate state law determination that bars federal habeas relief. See Harris v. Reed, 489 U.S. 255, 258 (1989) (citing Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)); see also Wright

5

v. Walls, 288 F.3d 937, 947 (7th Cir. 2002) (waiver is an independent and adequate state ground in Illinois); Patrasso v. Nelson, 121 F.3d 297, 301-02 (7th Cir. 1997) (comparing waiver and res judicata under Illinois law, and the consequences of each on subsequent federal habeas review). However, for waiver to bar federal habeas review, the last state court to consider the question must have "actually relied on procedural default as the basis for its decision." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). If that is not so, the merits of the issue are preserved for federal habeas review. See id.

A federal court may not grant habeas relief on a defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 450-52 (2000); Coleman, 501 U.S. at 750; Anderson v. Cowen, 227 F.3d 893, 899 (7th Cir. 2000). With the above principles in mind, the court examines Thomas' Petition.

### B. Thomas' Claims for Relief under 28 U.S.C. § 2254

Thomas alleges the following three grounds for relief in his federal Habeas Corpus petition. First, Thomas asserts that the state trial court, in adjudicating his post-conviction petition, erred in finding that his counsel was not constitutionally ineffective. Second, Thomas argues that the state trial court, in adjudicating his post-conviction petition, erred in determining that his ineffective assistance of counsel claim (based on his attorney's failure to file a motion to suppress his post-arrest statements) was barred because it was adjudicated on direct appeal. Finally, he asserts that his counsel at trial was constitutionally ineffective for failing to call "exonerating witnesses" on his behalf, failing to "prepare or perfect" a motion to suppress, and

failing to impeach statements made at trial by Chicago Police Officers indicating Thomas had been read his Miranda rights prior to questioning. Thomas also includes an assertion of police brutality in his third claim for relief.

As to Thomas' first claim, it is clear that the state trial court properly adjudicated the matter of ineffective assistance of counsel under the familiar Strickland standard. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (in order for a petitioner to establish that his trial counsel was ineffective, petitioner must "show that his counsel's performance was deficient, and that the deficiency prejudiced his defense."). The state trial court determined that Thomas' attorney's decision not to investigate and call certain witnesses constituted strategic trial decisions, not ineffective assistance of counsel, citing People v. Ashford, 520 N.E.2d 332 (Ill. 1988) and People v. Dean, 589 N.E.2d 888 (Ill. App. Ct. 1992) (both citing Strickland). The state trial court also determined that Thomas committed a fatal procedural error under state law in failing to provide affidavits from those individuals he asserts counsel should have investigated and called at trial, citing, *inter alia*, People v. Guest, 655 N.E.2d 873 (Ill. 1995), People v. Rial, 573 N.E.2d 842 (Ill. App. Ct. 1991), and People v. Ashford, 520 N.E.2d 332 (Ill. 1988). After examining the record in this case, this court determines that there is no indication that Thomas' attorney was constitutionally ineffective under federal law. See Strickland, 466 U.S. at 687. Moreover, this court will not second guess the state court on the matter of whether Thomas committed a procedural error under state law – this is clearly an issue for the state court to adjudicate. See Lambrix, 520 U.S. at 523-24. Thomas' first claim for federal Habeas Corpus relief therefore fails.

As to Thomas' second claim, the Illinois Appellate Court found that the trial court should not have determined that this ground for relief was barred by res judicata. However, the Illinois Appellate Court reasoned that, under Strickland, even if counsel's performance was constitutionally deficient in failing to file a motion to suppress the post-arrest statements, no prejudice could have resulted to Thomas. Upon review of the evidence presented at trial in this case, which showed that (1) Thomas was observed by a Chicago Police Officer driving the car in question, (2) Thomas attempted to evade police officers by driving onto a sidewalk, (3) Thomas fled from the car in question on foot, (4) Thomas was apprehended a short distance from the car in question, (5) Thomas had tools commonly used in car thefts in his possession when he was apprehended, (6) the steering wheel of the car in question had been "peeled," and (7) Thomas stipulated that the car in question was not his car, and that he did not have permission to possess it, the court finds no reason to disturb the judgment of the Illinois Appellate Court. See Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694) (prejudice is established by showing that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). Thomas' second claim for federal Habeas Corpus relief therefore fails.

The claims presented in Thomas' third ground for relief are again based almost entirely on assertions that Thomas' counsel was constitutionally ineffective. The court has already determined that (1) there is no evidence in the record to support the claim that Thomas' counsel was functioning as anything other than a constitutionally competent attorney, and (2) the evidence presented in this case was so overwhelming that any errors by counsel could not have prejudiced Thomas. Thomas' claims of ineffective assistance of counsel therefore fail again.

8

Thomas' additional undeveloped claims of police brutality, even if true, have no bearing on the evidence presented by the State against Thomas in this case, and provide the court with no grounds to grant his Habeas petition. Thomas' third claim for federal Habeas Corpus relief therefore fails.

### III. CONCLUSION

For the foregoing reasons, Thomas' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is denied.

IT IS SO ORDERED.

ENTER:

Charles Ronald Norgle, Judge
United States District Court

Dated: February 28, 2007

9